# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

SHERRY SHEFFIELD, as NEXT FRIEND for
L.H.; NAKEIS GRANT; HAKEEM FORTE;
CARL NITSCHE; PATRICK COVINGTON;
PEDRO GONZALEZ; TRAVIS DIETRICH;
JUSTIN MCKINNEY; JONATHAN FINLEY;
TREVON DAVIS; CAROME NEAL; JOSHUA
MALLORY; ROBERT SCOLES; JAMES
WHITEHEAD; DENVER SOWELL;
QUOMON CARTER; KENNETH RODGERS;
AUSTIN MCGREW; ROBERT MEEKS;
JORDAN CAFFREY; CHARLES HALE;
JOHNATHAN LUCE; DAVID ADAMS;
JASAWN MERCER; JAMES EGGERS;
LAMBERT COLLINS; DEYMARR BROWN;
BRIAN GLAVIN; JOSHUA FAUST; ARRIS
PHELPS; ZACHERY HOPSON; JESAIAH
GALLENTINE; JUSTIN ZEIGLER; SAMUEL
CHAPMAN; AARON PERRY; JOSHUA
WEIKLE; ANDREW BURNS; CHARLES
LEE; CHAD FLETCHER; STEVEN
MARKWELL; TONY WRIGHT; JAZPER
HEMSATH; KALEN SCHELL; NICHOLAS
GREEN; CAMERON COMPTON; ABEL
LUNA; CHRISTOPHER BENSON;  JUSTIN
TURNER; CLAYTON CRUMP; ADAM
WOLFE; COURTNEY BOYDS; PATRICK
BLANTON; RYAN HIGGINS; ROBERT
MURPHY; MACKENZIE IVEY; PIER'RE
WHITING; JUSTIN DAVIS; TIMMY
KNIGHTEN; BLAIR AUSTIN; RICHARD
TYLER; RYAN HAYS; FREDERICK SHAW;
WILLIAM COLE; JORGE MARTINEZ;
MASON WALLACH; TERRENCE GARNER-
OSTLAND; LAZELL RICHARDSON;
WILBERT RABB; CASEY ALLRED;
DE'ERIC YOUNGBLOOD; JOHNNIELLE
BARREN, as NEXT FRIEND for J.B.;
ASTASCIO CAMPBELL;

       Plaintiffs,

   v.

Case No. 4:17-cv-1254

JURY TRIAL DEMANDED

JANSSEN PHARMACEUTICALS, INC.
formerly known as ORTHO-MCNEIL-
JANSSEN PHARMACEUTICALS, INC. and
JANSSEN PHARMACEUTICA, INC.;
JOHNSON & JOHNSON COMPANY aka
JOHNSON & JOHNSON; JANSSEN
RESEARCH AND DEVELOPMENT, LLC
formerly known as JOHNSON & JOHNSON
PHARMACEUTICAL RESEARCH &
DEVELOPMENT, L.L.C.; and PATRIOT
PHARMACEUTICALS, L.L.C.,

          Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Janssen Pharmaceuticals, Inc.; Johnson & Johnson (erroneously named as Johnson &

Johnson Company); Janssen Research & Development, LLC (erroneously named as "Janssen

Research and Development, LLC"); and Patriot Pharmaceuticals, LLC, (erroneously named as

"Patriot Pharmaceuticals, L.L.C.") (collectively, "Defendants"), through their undersigned

counsel, hereby submit this Notice of Removal of the above-captioned action from the Circuit

Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern

District of Missouri, Eastern Division.  As explained below, this removal does *not* in any way

rely on the so-called "fraudulent misjoinder" doctrine as explained in *Kirkland v. Wyeth (In re

Prempro Products Liability Litigation)*, 591 F.3d 613 (8th Cir. 2010).  The United States District

Court for the Eastern District of Missouri, Eastern Division, has original subject matter

jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete

diversity among all properly joined and served parties, and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs.  In support of removal, Defendants further state as

follows:

## BACKGROUND

1.      This action involves the pharmaceutical product liability claims of **72** Plaintiffs who currently reside in **24** different states—Missouri, New Jersey, Alabama, Texas, Wisconsin, Florida, Ohio, Connecticut, Louisiana, New York, Virginia, Arkansas, Iowa, Oregon, Illinois, Mississippi, Georgia, Pennsylvania, Washington, North Carolina, Tennessee, California, Nevada, and North Dakota—and who allege that at unidentified times they, or children whom they represent as next friends, ingested one or more of the prescription drugs known as Risperdal® and/or Invega® and that they developed one or more "serious and/or permanent adverse effects," from a list of 28 conditions that includes rapid weight gain, hyperprolactinemia, and gynecomastia.  *See* Pet. ¶¶ 5–76, 165.

2.      The United States Supreme Court's recent ruling in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014), makes clear that this Court, along with any court of original jurisdiction in the State of Missouri, does not have general jurisdiction over Defendants to hear Plaintiffs' claims.[1] *Accord State ex rel. Norfolk S. Ry. Co. v. Dolan*. ("*Norfolk*"), No. SC95514, 2017 WL 770977, at *1 (Mo. Feb. 28, 2017) (holding court lacked general jurisdiction over non-Missouri defendant corporation and stating "[w]hile [defendant] does substantial and continuous business in Missouri, it also conducts substantial and continuous business in at least 21 other states, and its Missouri business amounts to only about 2 percent of its total business. This is insufficient to establish general personal jurisdiction over [defendant]").

---

[1]  Only seven of the 72 Plaintiffs allege that they or children whom they represent as next friends ingested and/or were harmed by one of the medicines in Missouri.  These Plaintiffs are Sherry Sheffield, as Next Friend for L.H., Robert Scoles, James Whitehead, Jazper Hemsath, Kalen Schell, Nicholas Green, and Patrick Blanton.

3.      In addition, *none* of the out-of-state Plaintiffs—including but not limited to the nondiverse Plaintiffs—can establish specific personal jurisdiction over Defendants in Missouri because their claims did not arise in Missouri.  *See Addelson v. Sanofi S.A.*, No. 4:16CV01277 ERW, 2016 WL 6216124, at *4 (E.D. Mo. Oct. 25, 2016); *Beard v. Smithkline Beecham Corp.*, No. 4:15-CV-1833 RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016); *Clarke v. Pfizer Inc.*, No. 4:15CV010702 AGF, 2015 WL 5243876, at *2 (E.D. Mo. Sept. 8, 2015); *Keeley v. Pfizer Inc.*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *3 (E.D. Mo. July 1, 2015); *Neeley v. Wolters Kluwer Health, Inc.*, No. 4:11-CV-325 JAR, 2013 WL 3929059, at *4 (E.D. Mo. July 29, 2013).

4.      Defendants have contemporaneously filed their Motion to Dismiss the claims of the out-of-state Plaintiffs on the grounds that they cannot establish general or specific personal jurisdiction over Defendants in Missouri.  In the interest of clarity and judicial efficiency, Defendants respectfully urge this Court to rule on the issue of personal jurisdiction before addressing subject matter jurisdiction.  After the Court grants Defendants' Motion to Dismiss, subject matter jurisdiction will exist over the remaining claims of the seven Missouri Plaintiffs.[2]

5.      This Court has the discretion to resolve personal jurisdiction before subject matter jurisdiction where, as here, the case presents a straightforward question of personal jurisdiction and a more difficult question of subject matter jurisdiction.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (confirming that "there are circumstances in which a district court

---

[2] Although the Petition alleges that L.H.'s mother, Plaintiff Sherry Sheffield, is an individual citizen and resident of Reading, Pennsylvania, Pet. ¶ 5, it also alleges that L.H. "was first injured by Risperdal and/or Invega® in the City of St. Louis" and "[a]t all pertinent times, . . . used Risperdal and/or Invega® in the City of St. Louis," Pet. ¶ 90.  For purposes of this Notice of Removal, Plaintiff Sherry Sheffield is considered a citizen of Missouri.

4

appropriately accords priority to a personal jurisdiction inquiry"); *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("[C]ertain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." (citation omitted)).

6.      Just last year, the Honorable E. Richard Webber followed this approach in a multiplaintiff personal injury case. *See Addelson*, 2016 WL 6216124, at *3. In *Addelson*, the defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue, and the plaintiffs filed a motion to remand. Applying *Ruhrgas*, the Court decided the motion to dismiss first after concluding that "[t]he personal jurisdiction question is straightforward, while the issue of subject matter jurisdiction is more complicated, due to the doctrine of fraudulent misjoinder." *Id*. at *2. The Court then dismissed the claims of a diversity-destroying New Jersey plaintiff for lack of personal jurisdiction.

7.      As the Court in *Addelson* did, many other courts have seen fit to decide personal jurisdiction before subject matter jurisdiction in multiplaintiff personal injury cases such as this one. *See Hardwick v. C.R. Bard, Inc. (In re Bard IVC Filters Prods. Liab. Litig.)* ("*Hardwick*"), MDL No. 15-2641, No. CV-16-02442-PHX-DGC, 2016 WL 6393595, at *2 (D. Ariz. Oct. 28, 2016) (granting defendants' motion to dismiss plaintiffs for lack of personal jurisdiction and denying plaintiffs' motion to remand prior to deciding fraudulent joinder and finding "Defendants' fraudulent joinder argument raises complicated issues on which there is no controlling Eighth Circuit precedent, such as whether the fraudulent joinder doctrine applies to plaintiffs who allegedly cannot invoke the court's personal jurisdiction. . . . The personal jurisdiction question, by contrast, does not present a complex question, and the Court therefore

concludes that addressing it will not offend principles of federalism" (citations omitted));

*Manning v. PD-Rx Pharm. Inc.*, No. 5:15-cv-00566-R, 2016 WL 3094075, at *2, *6 (W.D. Okla.

June 1, 2016) (deciding the issue of personal jurisdiction before subject matter jurisdiction

because it was "straightforward" and finding the out-of-state plaintiffs' claims that defendant

"conducted extensive commercial activity within Oklahoma for years" by selling and marketing

pharmaceutical products there "insufficient to show that Defendants [were] 'at home' in

Oklahoma." (citation omitted)); *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891,

898–99 (N.D. Iowa 2000) (relying on *Ruhrgas* and determining that it was appropriate to

consider a "straightforward personal jurisdiction issue presenting no complex question of state

law" prior to considering a "difficult and novel question" of subject matter jurisdiction involving

the "unusual question of 'fraudulent joinder' of a plaintiff"); *Simmons v. Glaxosmithkline LLC

(In re Zofran Prods. Liab. Litig.)* ("*Simmons*"), MDL No. 1:15-md-2657-FDS, 2016 WL

2349105, at *2–3 (D. Mass. May 4, 2016) (deciding personal jurisdiction prior to fraudulent

joinder and dismissing the claims of non-Missouri plaintiffs for lack of personal jurisdiction);

*Liggins v. Abbvie Inc. (In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated

Pretrial Proceedings)* ("*Liggins*"), 164 F. Supp. 3d 1040, 1045–46 (N.D. Ill. 2016) ("The

personal jurisdiction question defendants raise, on the other hand, is more straightforward and

does not present a 'complex question of state law.'   Thus it would not offend principles of

federalism to address that question first before addressing the more 'difficult and novel' subject

matter jurisdiction question." (footnote omitted) (citing *Ruhrgas AG*, 526 U.S. at 588)); *Torres v.

Johnson & Johnson*, No. 2:14-cv-29741, 2015 WL 4888749, at *3 (S.D.W. Va. Aug. 17, 2015)

(addressing the question of personal jurisdiction prior to subject matter jurisdiction because the

issue of fraudulent joinder raised "difficult and novel questions of federal procedural law");

*Seymour v. Johnson & Johnson*, No. 2:15-cv-01542, 2015 WL 1565657, at *4 (S.D.W. Va. Apr. 8, 2015) (finding same); *Evans v. Johnson & Johnson*, No. H-14-2800, 2014 WL 7342404, at *3 (S.D. Tex. Dec. 23, 2014) ("[T]he most efficient course of action is to consider the motion to dismiss for lack of personal jurisdiction, which results in dismissal of the claims of all plaintiffs except the single [in-state] plaintiff, [and] thereafter deny the motion to remand because no non-diverse plaintiffs remain . . . ."); *Locke v. Ethicon Inc.*, 58 F. Supp. 3d 757, 760 (S.D. Tex. 2014) ("It is well settled that a district court has discretion to dispose of jurisdictional questions in a manner that promotes judicial economy." (citations omitted)).

8.      Ruling on personal jurisdiction before subject matter jurisdiction should result in dismissal of all claims asserted by the out-of-state Plaintiffs.  This will create complete diversity between Defendants and the remaining Missouri Plaintiffs.  However, even if the Court were to decide subject matter jurisdiction before resolving personal jurisdiction, removal is *still* proper on the basis of the doctrine of fraudulent joinder, which allows the Court to ignore the citizenship of the nondiverse Plaintiffs for the purpose of diversity jurisdiction.  Neither of these arguments depends upon, is related to, or relies in any way upon the so-called "fraudulent misjoinder" doctrine or the Eighth Circuit decision in *In re Prempro*.

9.      Because these out-of-state Plaintiffs cannot plausibly recover for their claims under Missouri law, their claims are fraudulently joined to this action.  *See Orrick v. Smithkline Beecham Corp.*, No. 4:13CV2149 SNLJ, 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014) ("To prove fraudulent joinder of a diversity destroying plaintiff, the defendant seeking removal must prove that the diversity destroying plaintiff's claim has 'no reasonable basis in fact and law.'" (citation omitted)); *Witherspoon v. Bayer HealthCare Pharm., Inc.*, No. 4:13CV01912 ERW, 2013 WL 6069009, at *2 (E.D. Mo. Nov. 18, 2013) ("[N]on-diverse parties will not

7

prevent the federal courts from exercising diversity jurisdiction when a party has been fraudulently joined." (citation omitted)).  The doctrine of fraudulent joinder permits this Court to ignore these fraudulently joined claims, including the claims of the diversity-destroying Plaintiffs, for purposes of determining subject matter jurisdiction.[3]  *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) ("The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." (citation omitted)); *Foslip Pharm., Inc.*, 92 F. Supp. 2d at 902 ("[T]here is a 'fraudulent joinder' caveat to the principle that a non-diverse plaintiff defeats federal diversity jurisdiction . . . ." (citing *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977))).

10.     Therefore, in the interests of clarity, efficiency, and fairness to Defendants, and regardless of whether the out-of-state Plaintiffs are "fraudulently joined" to this action, Defendants respectfully submit that this Court should rule on the simple issue of personal jurisdiction *before* determining whether this Court has subject matter jurisdiction.

### **DEFENDANTS ARE ENTITLED TO REMOVAL**

## **I.    Defendants Have Satisfied the Procedural Requirements for Removal.**

11.     This removal is timely filed.  Defendants have not been served with the Petition more than 30 days prior to this filing.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

---

[3] Two Plaintiffs, Justin Zeigler and Jorge Martinez allege to be residents of Pennsylvania, and three Plaintiffs, Nakeis Grant, Ryan Higgins, and Wilbert Rabb allege to be residents of New Jersey, the states in which at least one Defendant resides.

12.     Defendants attach hereto a copy of all pleadings, including the Petition, pursuant to 28 U.S.C. § 1446(a).  *See* Exhibit 1.

13.     No further proceedings have occurred in the state court action.

14.     No previous application has been made for the relief requested herein.

15.     Venue is proper for purposes of removal.  The Circuit Court of the City of St. Louis, Missouri, is located within the Eastern District of Missouri and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 105(a) because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

16.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Circuit Court of the City of St. Louis, Missouri.

## II.     The Amount-in-Controversy Requirement Is Satisfied.

17.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Petition that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

18.     Plaintiffs allege that as a result of their use of one or more of the medicines that they have identified, they developed one or more "serious and/or permanent adverse effects," from a list of 28 conditions that includes rapid weight gain, hyperprolactinemia, and gynecomastia and "have suffered significant bodily and mental injury, pain and suffering, mental anguish, disfigurement, embarrassment, and inconvenience, have been caused to incur past and future medical expenses, will be required in some cases to undergo mastectomy (surgery) to remove the breasts, and will suffer loss of earning capacity in the future."  *See* Pet. ¶¶ 165–166. Plaintiffs seek compensatory damages, punitive damages, attorneys' fees, costs, interest, and all other various forms of further relief.  *Id.* ¶¶ 186, 196, 207, 214, 222, 227, 233, 237, 242, 245,

prayer for relief. Plaintiffs each individually seek relief in an amount in excess of twenty-five thousand dollars. *Id.* ¶ 106.

19.    If liability is established, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability cases in Missouri. *See, e.g.*, *Foster v. Catalina Indus., Inc.*, 55 S.W.3d 385, 389 (Mo. Ct. App. S.D. 2001); *Cole v. Goodyear Tire & Rubber Co.*, 967 S.W.2d 176, 179, 182 (Mo. Ct. App. E.D. 1998); *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 163 (Mo. Ct. App. W.D. 1997).

20.    It is also widely recognized that prescription drug product liability claims alleging serious personal injury facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

21.    Thus, on the face of the Petition, the finder of fact could easily conclude that Plaintiffs are seeking damages in excess of $75,000.00. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Accordingly, Defendants have met their burden of showing that the jurisdictional amount is satisfied. *See, e.g.*, *McCord v. Minn. Mut. Life Ins. Co. (In re Minn. Mut. Life Ins. Co. Sales Practices Litig.)*, 346 F.3d 830, 835 (8th Cir. 2003); *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001).

## III.    Complete Diversity of Citizenship.

22.    Defendant Janssen Pharmaceuticals, Inc. (formerly known as Ortho-McNeil-Janssen Pharmaceuticals, Inc., and as Janssen Pharmaceutica, Inc.), is a Pennsylvania corporation with its principal place of business in New Jersey. Defendant Johnson & Johnson (erroneously named as "Johnson & Johnson Company") is a citizen of New Jersey, where it is organized and where its principal place of business is located. Defendant Janssen Research &

Development, LLC (formerly known as Johnson & Johnson Pharmaceutical Research & Development, LLC), is a New Jersey limited liability company, the sole member of which is Centocor Research & Development, Inc. Centocor Research & Development, Inc., is a corporation incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania. As Centocor Research & Development, Inc., is a Pennsylvania corporation, Janssen Research & Development, LLC, is a citizen of Pennsylvania for purposes of determining jurisdiction. *See, e.g.*, *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that "an LLC's citizenship is that of its members for diversity jurisdiction purposes"). Patriot Pharmaceuticals, LLC is a Pennsylvania limited liability company, the sole member of which is Janssen Pharmaceuticals, Inc. Therefore, Patriot Pharmaceuticals, LLC is a citizen of Pennsylvania and New Jersey for purposes of determining jurisdiction.

23.     Therefore, Defendants are all citizens of the State of New Jersey or of the Commonwealth of Pennsylvania for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

24.     Plaintiffs allege to be residents of Missouri, New Jersey, Alabama, Texas, Wisconsin, Florida, Ohio, Connecticut, Louisiana, New York, Virginia, Arkansas, Iowa, Oregon, Illinois, Mississippi, Georgia, Pennsylvania, Washington, North Carolina, Tennessee, California, Nevada, and North Dakota. *See* Pet. ¶¶ 5–76. As there are two Plaintiffs, Justin Zeigler and Jorge Martinez, who allege to be residents of Pennsylvania, *id.* ¶¶ 37, 68, and three Plaintiffs, Nakeis Grant, Ryan Higgins, and Wilbert Rabb, who allege to be citizens of New Jersey, *id.* ¶ 6, 57, 72, complete diversity exists as to 67 of the 72 Plaintiffs on the face of the Petition.

25.     This Court, and any court of original jurisdiction sitting in Missouri, however, lacks personal jurisdiction over Defendants to hear the out-of-state Plaintiffs' claims, including

the claims of the five nondiverse Plaintiffs.  Because these Plaintiffs cannot conceivably prevail under Missouri law, their claims should be dismissed for lack of personal jurisdiction and subsequently ignored for purposes of determining subject matter jurisdiction.

      1.     **The Court should decide the straightforward personal jurisdiction issue first and dismiss the out-of-state Plaintiffs.**

26.     Despite the ability to retain jurisdiction of this case through the fraudulent joinder doctrine, this Court need not even reach this relatively more complex issue.  Instead, the Court may decide the threshold issue of personal jurisdiction in conjunction with (or antecedent to) the issue of subject matter jurisdiction and fraudulent joinder.  *See Ruhrgas AG*, 526 U.S. at 585 ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.").  Although jurisdictional questions ordinarily must be resolved before addressing the merits, it is well-established that jurisdictional questions may be decided in any order.  *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (affirming principle that "there is no unyielding jurisdictional hierarchy" (quoting *Ruhrgas AG*, 526 U.S. at 578)).  Indeed, when faced with the very same issue—whether to decide the "straightforward" issue of personal jurisdiction prior to the "difficult," "novel," "complicated," and "unusual" issue of subject matter jurisdiction involving the fraudulent joinder of plaintiffs—Judge Webber of the Eastern District of Missouri recently determined that it would be appropriate to resolve the personal jurisdiction question first.  *See Addelson*, 2016 WL 6216124, at *2 ("The same situation has occurred here. The personal jurisdiction question is straightforward, while the issue of subject matter jurisdiction is more complicated, due to the doctrine of fraudulent misjoinder.  Therefore, this Court will first address the issues of personal jurisdiction before subject-matter jurisdiction.").

27.     Deciding this personal jurisdiction issue first would not impede upon "state courts' coequal stature," because the issue turns on a constitutional due process analysis.  *Foslip*

*Pharm., Inc.*, 92 F. Supp. 2d at 898 (citing *Ruhrgas AG*, 526 U.S. at 587–88).  Furthermore, a recent decision from the Twenty-Second Judicial Circuit Court, City of St. Louis, Missouri, demonstrates that there would be no conflict with state law.  *See Union Carbide*, 2015 WL 191118.  In *Union Carbide*, a personal injury plaintiff brought suit against a defendant that was incorporated and headquartered in Delaware on the basis of exposure to asbestos while working in a factory in Oklahoma.  *Id.* at *1.  The court determined that because the claim did not arise in Missouri, the court lacked specific personal jurisdiction over the defendant.  *Id.* at *2.  Finally, the court held that because the defendant "is not incorporated in Missouri, nor does it have its principal place of business here" and because the "[p]laintiff has not presented evidence indicating that this case is an 'exceptional case' under *Daimler* such that general personal jurisdiction should be extended beyond these paradigmatic forums" that "it lack[ed] personal jurisdiction over [the defendant] under the Due Process Clause."  *Id.* at *3 (footnote omitted).

28.     This Court should follow *Ruhrgas AG*, *Addelson*, and the numerous other district court decisions, applying *Daimler AG*, *Goodyear*, and *Union Carbide*, and find that the out-of-state Plaintiffs cannot establish personal jurisdiction over Defendants in Missouri, before ruling on Plaintiffs' (anticipated) motion to remand.  *Ruhrgas AG* involved the same set of motions that this Court is likely to face—a motion to dismiss for lack of personal jurisdiction and a motion to remand based on subject matter jurisdiction.  The Supreme Court affirmed the district court's decision to resolve personal jurisdiction and to dismiss the nondiverse parties before examining the motion to remand.  *See Ruhrgas AG*, 526 U.S. at 578 (holding that "in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy"); *Crawford*, 267 F.3d at 764 ("[C]ertain threshold issues . . . may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is

simple when compared with the issue of subject-matter jurisdiction."); cases cited *supra* at ¶ 7;
*see also, e.g.*, *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)
("*Ruhrgas* held that there is no mandatory 'sequencing of jurisdictional issues.'").

> **2.    This Court lacks personal jurisdiction over Defendants for the
> out-of-state Plaintiffs' claims.**

29.    First and foremost, as further explained in Defendants' Motion to Dismiss for
Lack of Personal Jurisdiction, filed contemporaneously herewith and incorporated herein, this
Court, and any court sitting in Missouri, lacks personal jurisdiction over the Defendants for the
out-of-state Plaintiffs' claims.

30.    Each Plaintiff in a multiplaintiff action must establish personal jurisdiction over
the Defendants.  *See Addelson,* 2016 WL 6216124, at *3 n.3 ("Supplemental specific personal
jurisdiction does not exist; personal jurisdiction must exist separately for each claim." (citations
omitted)); *Sun World Lines, Ltd. v. Mar. Shipping Corp.*, 585 F. Supp. 580, 584–85 (E.D. Mo.
1984) ("[P]ersonal jurisdiction must be valid as to each and every cause of action in a complaint.
Those causes of action which do not provide a sufficient basis for *in personam* jurisdiction must
be dismissed even if other claims have such a basis." (citations omitted)), *aff'd*, 801 F.2d 1066
(8th Cir. 1986); *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 4:13-CV-1080 (CEJ), 2014 WL
50856, at *3 (E.D. Mo. Jan. 7, 2014) ("It is well-established that the requirement for personal
jurisdiction cannot be bypassed by proving proper joinder." (citations omitted)), *order vacated in
part on reconsideration*, No. 4:13-CV-1080 (CEJ), 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014);
*Liggins*, 164 F. Supp. 3d at 1047 ("[T]he specific personal jurisdiction inquiry in this case must
be conducted separately for the claims of each individual plaintiff."); *Simmons*, 2016 WL
2349105, at *5 ("Although the Court has specific personal jurisdiction over GSK for the claims
brought by plaintiff Kierra Simmons [from Missouri], there is no basis for personal jurisdiction

over GSK for the claims brought by the non-Missouri plaintiffs.").  Because the out-of-state

Plaintiffs' claims arise out of events that occurred exclusively outside of Missouri, *see* Pet. ¶¶ 6–

16, 19–45, 49–55, 57–76, they cannot establish *specific* personal jurisdiction over Defendants in

this Court.  *See Addelson*, 2016 WL 6216124, at *4 ("There are simply no facts connecting [the

out-of-state Plaintiff] to the State of Missouri.");  *Beard*, 2016 WL 1746113, at *2;  *Clarke*, 2015

WL 5243876, at *2;  *Keeley*, 2015 WL 3999488, at *3;  *Neeley*, 2013 WL 3929059, at *4.  They

must therefore establish *general* personal jurisdiction over the Defendants.  It is the Plaintiffs'

burden to allege actual *facts*, not "conclusory allegations," that demonstrate the Court's

jurisdiction.  *See Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, No. 410CV2235CDP,

2011 WL 2199967, at *1 (E.D. Mo. June 7, 2011).  Plaintiffs unquestionably fall short of their

burden.

31.     Because Defendants are all residents of Pennsylvania and/or New Jersey, the

United States Supreme Court has made it clear that Plaintiffs must demonstrate that this case

constitutes an "exceptional" case in which Defendants' "affiliations with the State are so

'continuous and systematic' as to render them essentially at home in the forum State."  *Daimler*

*AG*, 134 S. Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct.

2846, 2851 (2011)).  In *Daimler AG*, the Court emphasized the limitations on *general* personal

jurisdiction, even over large, multinational corporations like Daimler AG (No. 16 on *Fortune*'s

"Global 500" list) or Johnson & Johnson (No. 103 on the "Global 500" list).[4]  *Id.* at 762 n.20

("General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety,

nationwide and worldwide.  A corporation that operates in many places can scarcely be deemed

---

[4] *See Global 500 2014*, Fortune, http://beta.fortune.com/global500/list.

at home in all of them. Otherwise, 'at home,' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." (citation omitted)).

32. *Addelson*, a case recently decided by Judge Webber, raised factual and legal issues substantially similar to the ones in the case at bar. 2016 WL 6216124. In *Addelson*, two plaintiffs, one a resident of St. Louis County, Missouri, and the other a resident of New Jersey, alleged that they were harmed after they ingested the prescription drug Taxotere. *Id.* at *1. Defendant Sanofi, the United States subsidiary of the other foreign defendants, is a Delaware corporation with its principal place of business in New Jersey. *Id.* at *2. The defendants removed the action from Missouri state court to the Eastern District of Missouri and moved to dismiss the claims of the out-of-state plaintiff for lack of personal jurisdiction and improper venue and to sever the plaintiffs. *Id.* The court first addressed the issue of personal jurisdiction because it was "straightforward[,] while subject matter jurisdiction is 'difficult, novel, or complex.'" *Id.* (quoting *Ruhrgas* AG, 526 U.S. at 588). Relying on *Daimler AG*, the court held, "[s]imply doing continuous and systematic business in a state is not enough to establish general jurisdiction. . . . Plaintiffs' allegations simply state Defendants distributed, marketed, promoted, and sold Taxotere in St. Louis and Missouri. This is not enough to establish general jurisdiction as outlined in *Daimler*." *Id.* at *3;[5] *see also Neeley v. Wyeth LLC*, No. 4:11-cv-00325-JAR, 2015 WL 1456984, at *3 (E.D. Mo. Mar. 30, 2015) (finding that registration of an agent and selling pharmaceutical products in Missouri is insufficient to confer general jurisdiction because "every foreign corporation transacting business in the state of Missouri would be subject to general jurisdiction here" and "*Daimler* clearly rejects this proposition"); *Beard*, 2016 WL 1746113, at

---

[5] The court also held that selling and marketing Taxotere in Missouri was not sufficient to confer specific jurisdiction. *Id.* at *3–4.

*2 ("Simply marketing and selling a product in a state does not make the defendant's affiliations with the state so 'continuous and systematic as to render them essentially at home in the forum state.'" (quoting *Goodyear*, 131 S. Ct. at 2851)); *Clarke*, 2015 WL 5243876, at *2 ("Even if Defendants marketed and sold Zoloft in Missouri, that does not make their connections with the state 'continuous and systematic as to render them essentially at home' here." (quoting *Goodyear*, 131 S. Ct. at 2851)); *Keeley*, 2015 WL 3999488, at *2 (stating that "[t]he sale of products into the forum state . . . does not create general jurisdiction." (quoting *Goodyear*, 131 S. Ct. at 2855)); *Norfolk*, 2017 WL 770977, at *1 (holding court lacked general jurisdiction over non-Missouri defendant corporation and stating "[w]hile [defendant] does substantial and continuous business in Missouri, it also conducts substantial and continuous business in at least 21 other states, and its Missouri business amounts to only about 2 percent of its total business. This is insufficient to establish general personal jurisdiction over [defendant]").

33.     In the present case, Defendants do not have their principal places of businesses or headquarters in Missouri and, as such, do not have affiliations with Missouri that are so extensive as to render them "at home" in this state.  Moreover, Plaintiffs allege only general statements regarding Defendants' alleged contacts with Missouri.  *See* Pet. ¶¶ 91, 99, 101–104[6] (alleging that "Defendants have conducted and continue to conduct continuous and systematic business in the State of Missouri, have purposefully injected their products, including Risperdal and/or Invega, into the stream of commerce to be sold in Missouri, and have taken actions such that they should anticipate being sued in the State of Missouri").  Thus, as further explained in

---

[6] Curiously Plaintiffs allege that the Court has jurisdiction over Defendant RELX Elsevier but do not name this entity as a "Defendant" in the Petition.  *See* Pet. ¶¶ 77–88, 105.

Defendants' Motion to Dismiss, this Court lacks personal jurisdiction over the Defendants for the out-of-state Plaintiffs' claims.

> **3.    Alternatively, the out-of-state Plaintiffs are fraudulently joined, because their claims have no reasonable basis for success in fact or law.**

34.    Fraudulent joinder is an exception to complete diversity.  "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."  *Med. Bow Coal Co.*, 556 F.2d at 406 n.6; *see also Wilkinson v. Shackleford*, 478 F.3d 957, 963 (8th Cir. 2007) ("We review a fraudulent joinder challenge to determine 'whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003))).  Though fraudulent joinder more commonly arises in the context of the fraudulent joinder of defendants, a majority of courts that have considered the issue recognize and have applied the doctrine to the fraudulent joinder of plaintiffs.  *See, e.g.*, *Witherspoon*, 2013 WL 6069009, at *5 ("[I]t is clear Plaintiff Casiano's claims have no reasonable basis in fact and law.  Accordingly, the Court finds Defendant has shown by a preponderance of the evidence that Plaintiff Casiano was fraudulently joined.  Therefore, the Court will disregard Plaintiff Casiano's citizenship for purposes of determining diversity jurisdiction." (citation omitted)); *see also*, *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604 (W.D. Ky. 2010).  In *Taco Bell*, the court stated, "[f]or the following reasons, this Court sides with the majority view. . . .  There is no significant difference between fraudulent joinder of plaintiffs and fraudulent joinder of defendants.  The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties.  That purpose is fulfilled both where the plaintiff improperly sues non-diverse defendants against whom it has

18

no viable claim and where the plaintiff joins additional non-diverse plaintiffs who have no viable claims." *Id.* at 607 (citation and footnote omitted).

35.     The majority of courts, including Eighth Circuit courts, recognize the doctrine of fraudulent joinder of plaintiffs. *See, e.g.*, *Med. Bow Coal Co.*, 556 F.2d at 404 (concluding, in the context of a contract case, that if the plaintiff is not "the person who, under governing substantive law, is entitled to enforce the right asserted" then "his or its presence in the case may be ignored in determining jurisdiction"); *Witherspoon*, 2013 WL 6069009, at *5 (finding that a diversity-destroying plaintiff in a multiplaintiff medical device product liability case was fraudulently joined when that plaintiff's claims had "no reasonable basis in fact and law" (citations omitted)); *Foslip Pharm., Inc.*, 92 F. Supp. 2d at 904 ("This court finds that the 'real party in interest' test articulated in *Medicine Bow Coal Company* is analogous to, but perhaps even more expansive than, the standard as articulated by other courts that a plaintiff is not fraudulently joined unless there is no possibility that the plaintiff would be able to establish a cause of action against the defendant in state court.").

36.     The out-of-state Plaintiffs in the present case are fraudulently joined because they have no basis for recovery under Missouri law or under the United States Constitution.  Under Missouri law, personal jurisdiction can only be exercised to the extent permitted by the Due Process Clause.  *See May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1159 (E.D. Mo. 1995).  As addressed above, there are two ways to establish personal jurisdiction—general jurisdiction and specific jurisdiction.  The out-of-state Plaintiffs cannot establish specific jurisdiction in Missouri because they do not allege that their injury occurred in Missouri.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Addelson*, 2016 WL 6216124, at *4; *Beard*, 2016 WL 1746113, at *2; *Clarke*, 2015 WL 5243876, at *2;

*Keeley*, 2015 WL 3999488, at *3; *Neeley*, 2013 WL 3929059, at *4; *Union Carbide*, 2015 WL 191118, at *2; *Norfolk*, 2017 WL 770977, at *5–6.  Missouri courts also do not have general jurisdiction over the claims of the out-of-state Plaintiffs because Defendants are not incorporated in Missouri and none of them has its principal place of business here.  *See Daimler AG*, 134 S. Ct. at 760; *Union Carbide*, 2015 WL 191118, at *2 ("*Daimler* states that a corporation's place of incorporation and principal place of business are paradigm bases for general jurisdiction.  The Supreme Court further clarified that 'the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business' would be 'unacceptably grasping.'  'A corporation that operates in many places can scarcely be deemed at home in all of them.'" (quoting *Daimler AG*, 134 S. Ct. at 761, 762 n.20)).

37.    This Court should thus ignore the out-of-state Plaintiffs, including the diversity-destroying Pennsylvania and New Jersey Plaintiffs, for purposes of determining subject matter jurisdiction.  *See Witherspoon*, 2013 WL 6069009, at *5; *Foslip Pharm., Inc.*, 92 F. Supp. 2d at 902 (citing *Med. Bow Coal Co.*, 556 F.2d at 404).

38.    Because the out-of-state Plaintiffs cannot conceivably recover under Missouri law, they are fraudulently joined to this action, and this Court may ignore the diversity-destroying Plaintiffs' claims to establish subject matter jurisdiction.  However, in light of *Ruhrgas AG* and its progeny, this Court need not take up the more complex issue of fraudulent joinder of Plaintiffs, and instead should dismiss all of the out-of-state Plaintiffs' claims for lack of personal jurisdiction.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of the City of St. Louis, in the State of Missouri bearing Number 1722-CC00639, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

BRYAN CAVE LLP

By: */s/ Stephen G. Strauss*
      Dan H. Ball, #27227MO
      Stephen G. Strauss, #45018MO
      Richard P. Cassetta, #43821MO
      Stefan A. Mallen, #51868MO
      211 North Broadway, Suite 3600
      St. Louis, MO  63102-2750
      Telephone:  (314) 259-2000
      Facsimile:  (314) 259-2020
      dhball@bryancave.com
      sgstrauss@bryancave.com
      richard.cassetta@bryancave.com
      samallen@bryancave.com

      *Attorneys for Defendants*
      *Janssen Pharmaceuticals, Inc.;*
      *Johnson & Johnson;*
      *Janssen Research & Development, LLC;*
      *and Patriot Pharmaceuticals, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of April, 2017, a copy of the foregoing was served via U.S. mail, first-class postage prepaid, to the following counsel and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record:

D. Todd Mathews
Gori Julian & Associates, P.C.
156 N. Main Street
Edwardsville, IL  62025

Jason Itkin
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007

*Attorney for Plaintiffs*

*/s/ Stephen G. Strauss*